Nash, J.
 

 In May, 1841, the plaintiff deposited with the defendants one hundred and fifty barrels of fish, to sell on commission. In 1843, one of the defendants called on the plaintiff to settle the account, and the case states that “ they would have made a settlement but they did not settle on account of six barrels of fish, about which they differed.” No other demand was made upon the defendants, until within a few weeks before the bringing of the action. The writ issued in October, 1848, and the defendants relied upon the plea of the statute of limitations. The jury were instructed, “ that the defendants being the agents of the plaintiff, the statute of limitations did not begin to run until a demand and refusal: that what took place between the parties in 1843, was not sufficient to put the statute of limitations into operation.” In other words, that there was no evidence of
 
 *40
 
 a demand by the-plaintiff and a refusal by the defendants, until within a few weeks before the action was brought.
 

 As a general principle, it is true, that a principal cannot maintain an action against his agent for money had and received, until a demand and refusal, but the proof of a demand and refusal is not restricted to any particular form of words, but any declaration of the agent to the principal, cr any act which shows a denial of his right, puts him in the wrong, and gives to the principal a right of action. It is not necessary for the principal to seek the agent by going to his residence, nor is it necessary for him to say,
 
 “
 
 I demand a settlement” — if the parties meet at a,third place, either by accident or agreement, the demand may then be made. In this case one of the defendants went to the plaintiff’s house, for what definite purpose is not stated, but while there the parties attempted to make a settlement, and would have so done, but they differed as to six of the barrels of fish. As we understand it, the plaintiff wished the defendants to pay for six barrels of fish more than they were willing to account tor. We hold, that this was not only evidence of a demand, but was in law a demand — it was a denial of the plaintiff’s right, and whether correct or not, gave him an immediate right of action, and set the statute of limitations in action. See 1 American leading cases,
 
 Burrill and Phillips
 
 519, in note, 2 E. C. L. R. 356.
 

 More than three years elapsed, after the attempted settlement in 1843, before the action was brought. The charge of his Honor was erroneous. The’statute was set in motion by the attempted settlement, and having commenced running, continued so to do; and the defendants did support their plea.
 

 Per Curiam. Judgment reversed, and a
 
 venire de novo
 
 awarded.